In re PINE VILLAGE ECONOMIC DE-
VELOPMENT d/b/a the Apollo Civic
Center, Debtor.

Bankruptcy No. 89–00334–BKC–JJB.

United States Bankruptcy Court,
E.D. Missouri, E.D.

March 17, 1989.

Pine Village Economic Development, St. Louis, Mo., pro se.

Solomon Rooks, President, St. Louis, Mo., for debtor.

Charles L. Bussey, Jr., St. Louis, Mo., for William Johnson.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JAMES J. BARTA, Chief Judge.

The hearing on the motions to dismiss this case was called on February 9, 1989. The Debtor appeared by its President, Solomon Rooks, and presented certain arguments upon the record, including a request to continue the hearings to permit the Debtor to attempt to retain legal counsel. The United States Trustee appeared by counsel and opposed the request to continue the matter, and presented arguments and exhibits in support of its motion to dismiss. William Johnson, identified as the legal title holder of certain real property which the Debtor–In–Possession scheduled as its address, appeared by counsel and announced that he would not oppose a short continuance.

Upon consideration of the record as a whole, the Court determined that this Debtor has been a Debtor–In–Possession in at least five previous Chapter 11 cases in this District since 1983. In each of the five previous matters, the case was dismissed after the Debtor was unable to submit a plan capable of being confirmed. In each of the previous cases, the Debtor proceeded without bankruptcy counsel. In the last two cases, the Debtor obtained continuances of various hearings on the representation that bankruptcy counsel would be retained. At the hearing in this case, the Debtor's President testified that he had no money to hire bankruptcy counsel. Mr. Rooks also testified that the Debtor was seeking a jury trial in the bankruptcy case. He stated further that this case had been filed because the Debtor's request for injunctive relief had been denied by the St. Louis Circuit Court, and a request for reconsideration or rehearing had not yet been ruled upon. The Debtor had attempted to restrain Mr. Johnson and his representatives from enforcing a State court eviction order with respect to the property listed as the Debtor's address.

Upon completion of the oral arguments, the Court announced its findings and conclusions from the bench.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The Debtor's history of repeated filings of Chapter 11 Petitions without the assistance of bankruptcy counsel, notwithstanding the Court's repeated suggestions that counsel should be consulted, reflects a lack of good faith by the Debtor. The Debtor's previous history and the testimony of its President in this case indicate that there is no reasonable possibility that the Debtor will submit a plan of reorganization which is capable of being

confirmed. The Debtor's reason for repeatedly filing these Chapter 11 Petitions is unclear, except that many appear to have been presented on the eve of various non-bankruptcy proceedings involving the foreclosure and sale of the real property listed as the Debtor's address. In at least one of the previous cases, the issues concerning the Debtor's claim of an interest in the real property were fully litigated. The Debtor was unable to establish a legal or equitable basis upon which the Court could further delay the non-bankruptcy proceedings. The delay caused by the continuation of the pending Chapter 11 case is unduly prejudicial to the creditors of this estate and to the individual claiming to hold legal title to the property listed as the Debtor's address. The Debtor is not without adequate remedies for the alleged wrongs in the pending non-bankruptcy proceedings. The Debtor's President has testified that the Debtor's corporate charter was reinstated by the State of Missouri on January 25, 1989, one day prior to the commencement of this case. The Court finds, that in the circumstances presented here, this Chapter 11 Petition was not filed in good faith when the Debtor's charter was reinstated for the purpose of obtaining the protections of the automatic stay to subvert the legitimate rights of other parties, while the Debtor enjoyed adequate remedies at State law. *See, In Re Thirtieth Place, Inc.,* 30 B.R. 503, 9 C.B.C.2d 40 (9th Cir., BAP, 1983).

Therefore, by separate order, the Motion of the United States Trustee to Dismiss this case is granted.